# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) BENNY MAX DYE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-05-445-SPS |
| ) | |
| (1) THE CITY OF KONOWA, ) | |
| a political subdivision of the ) | |
| State of Oklahoma; ) | |
| ) | |
| (2) BRENT DANIEL, Individually; ) | |
| ) | |
| (3) STYRON DOUTHIT, Individually; ) | |
| and, ) | |
| ) | |
| (4) DALE PHELPS, Individually, ) | |
| ) | |
| Defendants,. ) | |

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

This is a civil rights action in which the Plaintiff alleges, *inter alia*, that he was fired for advocating the rights of disabled persons in violation of the Americans with Disabilities Act, 42 U.S.C. § 12010 - § 12213 (the "ADA"). The Plaintiff was fired from his position as Konowa City Manager at a special city council meeting on October 20, 2004, following an executive session in which the Plaintiff's employment (and perhaps other matters) were discussed by city council members. No minutes were taken during the executive session, but after the meeting was adjourned the mayor (who resigned in protest over the Plaintiff's firing) prepared handwritten notes of what transpired during that executive session as well as during an executive session at the October 14, 2004 meeting. The Plaintiff produced

copies of these notes to the Defendants in response to discovery requests herein, whereupon the City of Konowa filed this Motion for Protective Order [Docket No. 25]. The City claims the notes are privileged under the Oklahoma Open Records Act (the "ORA"), 51 Okla. Stat. § 24A.1 - § 24A.28 and seeks to recover them from the Plaintiff, purge them from the public record and prohibit their use in this action for any purpose.

It is doubtful these notes are covered by the ORA in any way. They would appear to be the personal property of the ex-mayor and would therefore be "nongovernmental personal effects," which are specifically excluded from ORA coverage. See 51 Okla. Stat. § 24A.3 ("51 Okla. Stat. § 24A.3(1)(b) ("As used in this act . . . '[r]ecord' means all documents . . . created by, received by, under the authority of, or coming into the custody, control or possession of public officials, public bodies, or their representatives in connection with the transaction of public business, the expenditure of public funds or the administering of public property. 'Record' does not mean . . . nongovernment personal effects[.]). But even if the ex-mayor's notes *were* covered by the ORA, they would at best be protected from public disclosure by the City upon citizen request, *i. e.*, "confidential," which is clearly distinguishable from "privileged." *See, e. g., Van Emerik v. Chemung County Department of Social Services,* 121 F.R.D. 22, 24 (W.D. N.Y. 1988) ("A non-disclosure or 'confidentiality' provision in a statute may not always create an evidentiary privilege, especially if the legislature did not 'explicitly create an evidentiary privilege.' Merely asserting that a state statute declares that the records in question are 'confidential' does not make out a sufficient claim that the records are 'privileged' within the meaning of Fed. R.

Civ. P. 26(b)(1) and Fed. R. Evid. 501."), *quoting American Civil Liberties Union of Mississippi, Inc. v. Finch,* 638 F.2d 1336, 1339 (5th Cir. 1981) [internal citations omitted]. The ORA itself recognizes this distinction; it defines as confidential matters that are privileged, such as attorney-client communications, and matters that are not, such as executive sessions. *See* 51 Okla. Stat. § 24A.5 ("All records of public bodies and public officials shall be open to any person for inspection, copying, or mechanical reproduction during regular business hours [except] records specifically required by law to be kept confidential including . . . records protected by a state evidentiary privilege such as the attorney-client privilege, the work product immunity from discovery and the identity of informer privileges [and] records of what transpired during meetings of a public body lawfully closed to the public such as executive sessions authorized under the Oklahoma Open Meeting Act[.]").

As the foregoing discussion demonstrates, the ex-mayor's notes are not privileged as a matter of state law. Even if they were, it is clear that such privilege would not be absolute. *See, e. g.,* 12 Okla. Stat. § 2502(D)(3) ("There is no privilege under this rule . . . [a]s to a communication relevant to an issue of breach of duty by the attorney to the client or by the client to the attorney[.]"); 12 Okla. Stat. § 2503(D)(3) ("The following shall be exceptions to a claim of privilege . . . The privilege under this Code as to a communication relevant to the physical, mental or emotional condition of the patient in any proceeding in which the patient relies upon that condition as an element of the patient's claim or defense[.]"). In any event, the City has presented nothing to suggest that the ex-mayor's notes should be regarded

as privileged as a matter of federal law. *See, e. g., von Bulow v. von Bulow,* 811 F.2d 136, 141 (2d Cir.), *cert. denied,* 481 U.S. 1015 (1987) ("The complaint in the instant action alleges a federal claim based on RICO and state law claims based on pendent and diversity jurisdiction. The evidence sought from Reynolds is relevant to both the federal and state claims. In such situations courts consistently have held that the asserted privileges are governed by the principles of federal law."), *citing William T. Thompson Co. v. General Nutrition Corp.,* 671 F.2d 100, 104 (3rd Cir.1982) and *Memorial Hospital for McHenry County v. Shadur,* 664 F.2d 1058, 1061 n. 3 (7th Cir.1981). *See also Sprague v. Thorn Americas, Inc.,* 129 F.3d 1355, 1369 (10th Cir. 1997) (recognizing the need to apply federal common law of privilege in a case involving a federal question even where state law may be involved). *See generally* Fed. R. Evid. 501 ("[T]he privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law."). Even if the notes could be so regarded, any such federal privilege would have to be weighed against the materiality of the matters discussed in executive session to the claims in this action and the Plaintiff's need for the information. *See* Fed. R. Civ. P. 26(b)(1) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.").

Accordingly, IT IS HEREBY ORDERED that the Motion for Protective Order [Docket No. 25] filed by the Defendant the City of Konowa is in all things DENIED.

**IT IS SO ORDERED** this 17th day of August, 2006.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**